UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

RICHARD ALFRED TASKER,

    Plaintiff,

v.                                                 Case No. 6:11-cv-1586-Orl-31GJK

DEPARTMENT OF CORRECTIONS, et al.,

    Defendants.
_____/

## ORDER OF DISMISSAL

Plaintiff, a prisoner of the State of Florida proceeding *pro se*, initiated this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff did not pay any portion of the filing fee. Because Plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious.

### I. *Legal Standard*

Pursuant to 28 U.S.C. section 1915A(b), the Court is required to perform a judicial review of certain civil suits brought by prisoners:

> (b)    Grounds for Dismissal.--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
>
> > (1)    is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

    (2)  seeks monetary relief from a defendant who is immune from such relief.

Thus, the Courts are obligated to screen prisoners' civil rights complaints as soon as practicable and to dismiss those which are frivolous or fail to state a claim for relief. *Cuoco v. Spears*, No. 96 Civ. 1624 (PKL), 1996 WL 284948 (S.D.N.Y. May 29, 1996).

  In addition, 28 U.S.C. section 1915(e) directs the court to dismiss actions which are frivolous or malicious. A complaint is frivolous if it is without arguable merit either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Cofield v. Alabama Public Service Com'n*, 936 F.2d 512 (11th Cir. 1991); *Prather v. Norman*, 901 F.2d 915 (11th Cir. 1990). However, the Court must read the plaintiff's *pro se* allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519 (1972); *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981).

## II. *Analysis*

### A. *Plaintiff's Allegations*

  Plaintiff has filed this complaint against Defendants Florida Department of Corrections, Warden Barnes, Assistant Warden A. Gordon, and Dr. N. Torres. His allegations are difficult to decipher, and it was necessary for the Court to review the grievances and responses attached to the complaint in order to better understand Plaintiff's allegations.

  Apparently, Plaintiff had been allowed to keep medications on his person for many years. *See* Plaintiff's Complaint at 10. However, on April 8, 2011, an unidentified officer found medications in a garbage can in Plaintiff's jail cell, and, as a result, Plaintiff's medications were ordered to be dispensed to him under direct observation. *See* Plaintiff's

Complaint at 8; Plaintiff's Exhibits at 8 (Jail's July 12, 2011, Response to Plaintiff's Request for Administrative Remedy of Appeal). In particular, the triage nurse requested Defendant Dr. Torres to order that the medications be issued to Plaintiff under direct observation therapy. *See* Plaintiff's Exhibits at 10 (Jail's June 3, 2011, Response to Plaintiff's Request for Administrative Remedy of Appeal). Thus, Plaintiff was no longer allowed to keep medications on his person. Plaintiff asserts that the medication found in the garbage can did not belong to him and that his medications should be returned to him. *See* Plaintiff's Exhibits at 7 (Plaintiff's June 27, 2011, Request for Administrative Remedy of Appeal).

### B. *The Failure to Allege a Constitutional Violation*

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). In the present case, Plaintiff has not alleged the violation of a specific constitutional right in any of his claims, and, therefore, he has failed to state a claim under section 1983.[1]

### C. *The Failure to State A Basis for Bringing A Cause of Action Against These Defendants*

None of the allegations in the complaint refer to any personal involvement by any of these Defendants. Plaintiff has failed to allege or otherwise indicate any personal action

---

[1]The Court notes that Plaintiff has not alleged that Defendants were deliberately indifferent to his serious medical needs. Even if such an allegation could be inferred, his allegations fall short of stating a cause of action based on deliberate indifference.

or inaction by these Defendants whatsoever within the scope of their responsibilities that would make them personally liable for damages under section 1983. Plaintiff simply has failed to demonstrate a sufficient basis on which to hold these Defendants liable. *See Sanders v. United States*, 760 F.2d 869, 872 (8th Cir. 1985) (dismissal appropriate when none of the allegations refer to personal involvement by the defendant, nor does the complaint state that the defendant had knowledge of the alleged wrongful acts). Thus, Plaintiff fails to state a basis for brining this cause of action against these Defendants, and this case must be dismissed as frivolous on that ground as well.[2]

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. This case is **DISMISSED** as frivolous.

2. The Clerk of the Court is directed to close this case.

**DONE AND ORDERED** in Chambers in Orlando, Florida this 3rd day of October, 2011.

                              GREGORY A. PRESNELL
                              UNITED STATES DISTRICT JUDGE

Copies to:
OrlP-2 10/3
Richard Alfred Tasker

---

[2] In addition, "[u]nless a State has waived its Eleventh Amendment immunity or Congress has overridden it, . . . a State cannot be sued directly in its own name regardless of the relief sought." *Kentucky v. Graham*, 473 U.S. 159, 167, n. 14 (1985). The State of Florida has not waived sovereign immunity for § 1983 actions. *Zatler v. Wainwright*, 802 F.2d 397, 400 (11th Cir.1986). Thus, his claims against Defendant Florida Department of Corrections is barred by the Eleventh Amendment.